ROSENBLOOM v. CHITTICK.

(Supreme Court, Appellate Term. February 25, 1901.)

LANDLORD AND TENANT—RENT—HOLDING OVER.

Defendant occupied plaintiff's premises under a lease for three years, conditioned that plaintiff might terminate the lease on 60 days' notice, and in such case he agreed to pay defendant a sum equal to 3 months' rent. Notice was given to terminate the lease on May 1st, but it was arranged that defendant should vacate on June 1st. On June 2d defendant, by letter, requested payment of the sum plaintiff was to pay for terminating the lease, but received no response, and he did not move until June 4th. Held, that defendant was liable for the rent of the premises for the month of June, since he continued to occupy it until the 4th, instead of vacating on the 1st, notwithstanding the notice.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Thomas Rosenbloom against Samuel Chittick. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

M. Greenberg, for respondent.
Kenneson, Crain, Emley & Rubino, for appellant.

ANDREWS, P. J. This is an appeal by the defendant from a judgment rendered November 7, 1900, in the municipal court in favor of the plaintiff for the sum of $228.22, being for rent of the premises 137 to 139 East Fifty-Seventh street for the month of June, 1900. The defendant had a 3-years lease of the said premises, which contained a provision that the lessor might on May 1, 1899, or at any time thereafter, terminate the lease by mailing a notice to that effect to the tenant, at said premises, 60 days before the date on which the lessor should elect to terminate said lease; the lessor covenanting, in case he availed himself of this privilege, to pay the tenant a sum equal to 3 months' rent at the rate specified in the lease,—that is to say, $625. A notice to terminate the lease on May 1st was given, and it was arranged that the defendant was to vacate the premises on June 1, 1900. On June 2, 1900, the defendant requested payment of said sum of $625, but received no answer to such request, which was made by letter. He did not va-

cate the premises until June 4th. Upon the trial the landlord denied that he had given such notice or had authorized it to be given. However this may be, the defendant became liable for the rent due June 1st, because he did not vacate the premises until June 4th.

The judgment should be affirmed, with costs. All concur.

